UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUDY ROBSON, individually,

Plaintiff and Moving Party, and

REV. OLEN ARRINGTON, JR., ALVIN BALDUS,
STEPHEN H. BRAUNGINN, JOHN D. BUENKER,
ROBERT J. CORNELL, V. JANET CZUPER,
LEVENS DE BACK, STEVEN P. DOYLE,
ANTHONY S. EARL, JAMES A. EVANS,
DAGOBERTO IBARRA, JOHN H. KRAUSE, SR.,
JOSEPH J. KREUSER, FRANK L. NIKOLAY,
MELANIE R. SCHALLER, ANGELA W.
SUTKIEWICZ, and OLLIE THOMPSON,

Original Plaintiffs,

and                                                   Case No. 01-CV-121 / 02-CV-0366
                                                      Three-Judge Panel (Clevert, J., presiding)

JAMES R. BAUMGART, ROGER M. BRESKE,
BRIAN T. BURKE, CHARLES J. CHVALA,
RUSSELL S. DECKER, JON ERPENBACH,
GARY R. GEORGE, RICHARD GROBSCHMIDT,
DAVE HANSEN, ROBERT JAUCH, MARK
MEYER, RODNEY MOEN, GWENDOLYNNE S.
MOORE, KIMBERLY PLACHE, FRED A. RISSER,
KEVIN W. SHIBILSKI, ROBERT D. WIRCH,
SPENCER BLACK, JAMES E. KREUSER,
SPENCER G. COGGS, and GREGORY B. HUBER,
each individually and as members [or, now, former
members] of the Wisconsin State Legislature,

        and

(caption continued on next page)

**PLAINTIFF JUDY ROBSON'S MOTION FOR RELIEF FROM JUDGMENT
Rule 60(b)(5) and (6), Fed. R. Civ. P.**

F. JAMES SENSENBRENNER, JR.,
THOMAS E. PETRI, MARK A. GREEN,
and PAUL RYAN, each individually and as
members [or, now, former members] of the
United States Congress,

                             Original Intervenor-Plaintiffs,

      and

G. SPENCER COGGS, LEON YOUNG,
ANNETTE POLLY WILLIAMS,
JOHNNIE MORRIS-TATUM,

                     Additional Original Intervenor-Plaintiffs,

      v.

JERALYN WENDELBERGER, chairperson of
the State of Wisconsin Elections Board, and each
of its members [or former members] in his or her
official capacity, JOHN P. SAVAGE, DAVID
HALBROOKS, R.J. JOHNSON, BRENDA LEWISON,
STEVEN V. PONTO, JOHN C. SCHOBER,
CHRISTINE WISEMAN and KEVIN J. KENNEDY,
its executive director;

                               Original Defendants,

SCOTT R. JENSEN, in his capacity as the [former] Speaker
of the Wisconsin Assembly, and MARY E. PANZER,
in her capacity as the [former] Minority Leader of the
Wisconsin Senate,

                            Intervenor-Defendants.[1]

_____

Plaintiff Judy Robson ("Robson"), by her counsel, Godfrey & Kahn, S.C., moves the

Court for the entry of an order pursuant to Rule 60(b)(5) or (6) of the Federal Rules of Civil

---

[1] This is the original caption with bracketed material that reflects the change in status for some of the parties. The Elections Board itself became the Government Accountability Board in 2008, by statute, and none of the original member-defendants remains. Kevin Kennedy, the board's executive director, retains that position in the reconstituted state agency.

Procedure providing relief from this Court's May 30, 2002 judgment (as amended) and entering a succeeding judgment that ensures that the vote of every citizen of the state is equally weighted—consistent with the Fifth and Fourteenth Amendments, the state constitution, and the constitutional mandate of "one person, one vote."

The grounds for this motion are more fully set forth in plaintiff Robson's supporting brief filed along with this motion. Robson also states:

## GROUNDS

1.      On May 30, 2002, in the absence of a valid state statutory enactment, this Court entered an order and judgment establishing the legislative district boundaries in Wisconsin. *Baumgart v. Wendelberger*, 2002 WL 34127471 (E.D. Wis. 2002) (*per curiam*) (three-judge panel), *amended by* 2002 WL 34127473 (E.D. Wis. July 11, 2002).

2.      The 2002 legislative general elections, every subsequent biennial legislative election, and other legislative elections—including the November 2, 2010 election—have been conducted under the district boundaries established by this Court in 2002. At no time since then has the legislature considered or enacted a legislative districting plan to replace those boundaries.

3.      The next regular state legislative general election will take place on November 6, 2012, and the complementary partisan primary is scheduled for September 11, 2012.[2] Based on this primary date, candidates for state legislative office can begin circulating nomination papers on June 1, 2012 and must submit them by July 10, 2012.

4.      The Government Accountability Board (the agency responsible for administering elections in Wisconsin and the institutional successor to the Elections Board) must notify the

---

[2] To comply with the Military and Overseas Election Act, the September 11, 2012 primary may be moved to an earlier date. *See* 42 U.S.C. § 1973ff. Senate Bill 116 and Assembly Bill 161, currently pending before the Wisconsin legislature, would move the partisan primary from the second Tuesday in September to the second Tuesday in August.

county clerks by May 8, 2012 of the offices that electors of each county will fill in the 2012 primary and general elections.[3]

5.      A plaintiff in the 2002 litigation, Judy Robson, seeks relief in the form of an order setting aside the 2002 order and judgment pursuant to Rule 60(b)(5) or (6), Fed. R. Civ. P., and entering a succeeding judgment that ensures that the vote of every citizen in the state is equally weighted consistent with the federal and state constitutions and the constitutional mandate of "one person, one vote."

6.      Rule 60(b)(5) states that "the court may relieve a party ... from [an] order" if "applying [the judgment] prospectively is no longer equitable." Rule 60(b)(6) states that the court also may grant relief from an order for "any other reason that justifies relief" from the operation of the judgment. The remedy is unusual, but the passage of time itself does not preclude the motion. *See* Rule 60(c)(1).

7.      The legislative boundaries established by this Court in its May 2002 order and judgment were based upon the 2000 census. Since then, the federal government has conducted a 2010 census that reflects the state's 2010 population by ward, city, and county and state legislative districts.

8.      Based on the population data from the Bureau of the Census, U.S. Department of Commerce ("Census Bureau"), released on March 9, 2011, population growth and population shifts during the last decade have resulted in substantial population inequality among Wisconsin's 33 existing state Senate districts, and 99 existing state Assembly districts.

_____

[3] If the partisan primary is moved to August (or before), all other dates, including nomination paper circulation and filing, and the G.A.B.'s deadline to notify clerks, will also be moved to earlier dates.

9.	The legislative districts established by the Court almost 10 years ago, based on the 2000 census, are by definition, malapportioned.  They are unconstitutional because their use to elect state legislators will violate the constitutional rights of state citizens.

10.	The malapportionment of legislative districts dilutes the voting rights of Wisconsin's voters who reside in relatively over-populated districts: the weight or value of each voter in relatively over-populated district is, by definition, less than that of any voter residing in a relatively under-populated district.

11.	No legislation has been introduced—let alone debated, adopted and signed into law—to establish constitutionally-apportioned legislative districts.

12.	Using the 2002 state legislative districts prospectively for the 2012 legislative elections, premised upon now dated census information and a set of circumstances no longer valid, will lead to inequitable results for Wisconsin voters, depriving them of their constitutional rights.

**RELIEF REQUESTED**

WHEREFORE, plaintiff Judy Robson respectfully requests that the Court enter an Order setting aside the May 30, 2002, order and judgment and providing such other and further relief as is just and equitable to ensure that the 2012 state legislative elections take place in districts that meet the requirement of "one person, one vote."

Dated:  June 9, 2011.

GODFREY & KAHN, S.C.

By:      *s/ Rebecca Kathryn Mason*
Rebecca Kathryn Mason
State Bar No. 1055500
Brady C. Williamson
State Bar No. 1013896
One East Main Street, Suite 500
P.O. Box 2719
Madison, WI  53701-2719
Telephone:  608-257-3911
Facsimile:  608-257-0609
rmason@gklaw.com

*Attorneys for Judy Robson*

6383162_3