IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JUDY ROBSON, individually,

    Plaintiff and Moving Party,

and,

REV. OLEN ARRINGTON, JR., ALVIN
BALDUS, STEPHEN H. BRAUNGINN,
JOHN D. BUENKER, ROBERT J. CORNELL,
V. JANET CZUPER, LEVENS DE BACK,
STEVEN P. DOYLE, ANTHONY S. EARL,
JAMES A. EVANS, DAGOBERTO IBARRA,
JOHN H. KRAUSE, SR., JOSEPH J.
KREUSER, FRANK L. NIKOLAY,
MELANIE R. SCHALLER, ANGELA W.
SUTKIEWICZ, and OLLIE THOMPSON,

    Original Plaintiffs,    Case No. 01-C-121/02-C-0366
                                                       Three-Judge Panel
    and,                                         (Clevert, J. Presiding)

JAMES R. BAUMGART, ROGER M. BRESKE,
BRIAN T. BURKE, CHARLES J. CHVALA,
RUSSELL S. DECKER, JON ERPENBACH,
GARY R. GEORGE, RICHARD GROBSCHMIDT,
DAVE HANSEN, ROBERT JAUCH,
MARK MEYER, RODNEY MOEN,
GWENDOLYNNE S. MOORE, KIMBERLY
PLACHE, FRED A. RISSER, KEVIN W. SHIBILSKI,
ROBERT D. WIRCH, SPENCER BLACK,
JAMES E. KREUSER, SPENCER G. COGGS,
and GREGORY B. HUBER, each individually
and as members [or, now, former members]
of the Wisconsin State Legislature,

    and,

JAMES SENSENBRENNER, JR., THOMAS E.
PETRI, MARK A. GREEN, and PAUL RYAN,
each individually and as members [or, now,
former members] of the United States Congress,

      Original Intervenor-Plaintiffs,

  and,

G. SPENCER COGGS, LEON YOUNG,
ANNETTE POLLY WILLIAMS,
JOHNNIE MORRIS-TATUM,

      Additional Original Intervenor-Plaintiffs,

  v.

JERALYN WENDELBERGER, chairperson of
the State of Wisconsin Elections Board, and
each of its members [or former members] in his
or her official capacity, JOHN P. SAVAGE,
DAVID HALBROOKS, R.J. JOHNSON,
BRENDA LEWISON, STEVEN V. PONTO,
JOHN C. SCHOBER, CHRISTINE WISEMAN,
and KEVIN KENNEDY, its executive director;

      Original Defendants,

  and,

SCOTT R. JENSEN, in his capacity as the [former]
Speaker of the Wisconsin Assembly, and MARY E.
PANZER, in her capacity as the [former] Minority
Leader of the Wisconsin Senate,

      Intervenor-Defendants.

---

MOTION FOR SUBSTITUTION BY WISCONSIN GOVERNMENT
ACCOUNTABILITY BOARD PURSUANT TO FED. R. CIV. P. 25(d) OR 25(c)

---

The Members of the Wisconsin Government Accountability Board ("GAB"),

Michael Brennan, David Deininger, Gerald Nichol, Thomas Cane, Thomas

Barland, and Timothy Vocke, each in his official capacity only, and Kevin Kennedy, in his official capacity as Director and General Counsel for the GAB only (collectively the "substitute defendants"), by their attorneys, J.B. Van Hollen, Attorney General, and Maria S. Lazar, Assistant Attorney General, hereby move this Court for an order granting them the right to automatically substitute as parties for defendant Wisconsin Elections Board (and its members) pursuant to Fed. R. Civ. P. 25(d) and to file their proposed Response to Motion for Relief from Judgment, a copy of which is attached to the Brief in Support of this Motion. In the alternative, the GAB moves for substitution pursuant to Fed. R. Civ. P. 25(c). In support of this Motion for Substitution, the GAB states as follows:

BASIS FOR MOTION

1. Proposed substitute defendants are members of the GAB, an independent agency of the State of Wisconsin. Wis. Stat. § 15.60. The GAB was established and first began work in January 2008, pursuant to 2007 Wisconsin Act 1, and was not in existence during the above-captioned lawsuit, and was, thus, not a party to such action. Pursuant to 2007 Wisconsin Act 1, sec. 209(2)(a), "the assets and liabilities of the [Wisconsin] elections board . . . [became] the assets and liabilities of the government accountability board."

2. By virtue of the obligations which GAB is tasked with to oversee and administer Wisconsin's laws "relating to elections and election campaigns," Wis. Stat. § 5.05(1), the GAB has a direct interest in the apportionment of Wisconsin's legislative and congressional districts and is the institutional successor

to the Wisconsin Elections Board—one of the original defendants in the above-captioned matter.

3. Pursuant to Fed. R. Civ. P. 25(d), the substitute defendants are allowed to be automatically substituted for the prior institutional defendants, the members of and the Wisconsin Elections Board. While the question of substitution of state or federal agencies is not expressly covered in Fed. R. Civ. P. 25(d), federal courts have held that the provision for automatic substitution of officers applies to agencies as well in cases where there is an explicitly appointed successor, such as here. *Air Line Pilots Ass'n, Intern. v. C.A.B.*, 750 F.2d 81, 87, n.37 (D.C. Cir. 1984). *See also Skolnick v. Parsons*, 397 F.2d 523, 525 (7th Cir. 1968) (barring substitution where no successor agency has been explicitly appointed).

4. In the alternative, the substitute defendants move for substitution pursuant to Fed. R. Civ. P. 25(c), as they are the successors in interest to the Wisconsin Elections Board, as noted in 2007 Wisconsin Act 1.

5. This motion for substitution is timely, disposition of this matter in their absence would impede proposed substitute defendants' ability to protect their interests, and no other current party adequately represents their interests. The previous defendant Wisconsin Elections Board no longer exists.

6. Substitution of the GAB will allow all interested parties to participate in one action concerning the redistricting of Wisconsin's legislative and congressional districts by allowing the GAB to respond to the pending Motion for Relief from Judgment and seek a denial of that motion on the basis that there is

already filed and pending another action in the federal district court, *Baldus, et al. v. Brennan, et al.*, Eastern District of Wisconsin Case No. 11-C-00562, which seeks the same relief being sought pursuant to this Motion for Relief from Judgment. That is precisely one of the courses of action proposed by the plaintiff-movant in her brief (at 7). Accordingly, substitution and the filing of the response will avoid the risk of inconsistent results, which may result from these two separate lawsuits proceeding at the same time, something which even the plaintiff-movant concedes is inappropriate. *Id.*

7. On July 8, 2011, the plaintiff-movant filed a letter with the Court indicating that no responses had been filed within 21 days from the date she filed her Motion for Relief from Judgment, and stated that "personal service" had been made upon the executive director of the GAB, as successor to the original defendants. (This letter was received by the Wisconsin Elections Board's prior counsel on July 11, 2011). Plaintiff-movant's Certificate of Service, however, indicates that service was not made personally upon the GAB's executive director, but rather was mailed to the Wisconsin Elections Board's prior counsel in the closed case (*see* Dkt. #456). Moreover, a reading of the PACER docket indicates that all parties and all counsel of record have been terminated with respect to PACER— which occurred when the case was closed on May 30, 2002. The PACER docket further reveals that the defendant Wisconsin Elections Board was terminated on November 28, 2001, as were all of its legal counsel on that date.

8. Because the GAB was not—and still is not—a party defendant in this closed case, it has not yet filed a Response to the Motion for Relief from Judgment. That proposed response is attached to the Brief in Support of the Motion for Substitution.

9. Finally, the letter of July 8, 2011, asks this Court to grant the Motion for Relief from Judgment based upon a violation of Local Rule (Civil L. R.) 7(b). Pursuant to General Local Rule 1—Scope and Purpose of Rules, "[c]ompliance with the rules is expected. However, the rules are intended to be enforced primarily upon the Court's own initiative, and the filing of motions alleging noncompliance with a rule may be reserved for egregious cases." This is not an egregious case; the GAB is not yet a party to this action, and pursuant to the Federal Rules of Civil Procedure with respect to Substitution (Rule 25), the only deadline for such filing is 90 days when there has been a death of a party. Fed. R. Civ. P. 25(a). In the case of all other provisions, the substitution motion must be filed within a reasonable time. Here, the Motion for Relief from Judgment was mailed on June 10, 2011, and this Motion for Substitution has been filed approximately one month later. Accordingly, the GAB requests that, in addition to granting its Motion for Substitution, that the Court permit the filing of its Response to the Motion for Relief from Judgment.

## RELIEF REQUESTED

Proposed substitute defendants request that this Court enter an order granting their motion for substitution pursuant to either Fed. R. Civ. P. 25(d) or (c) ant that it be substituted as a party defendant in place of the Wisconsin Elections Board and that the caption of this matter be changed accordingly. In addition, the movants request that the Court grant them leave to file their proposed Response to Motion for Relief from Judgment, a copy of which is attached to the Brief in Support of this Motion.

Dated this 13th day of July, 2011.

                                              J.B. VAN HOLLEN
                                              Attorney General

                                              s/Maria S. Lazar
                                              MARIA S. LAZAR
                                              Assistant Attorney General
                                              State Bar #1017150

                                              Attorneys for Proposed Substitute
                                              Defendants, GAB and its members
                                              and its Director and General Counsel

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 267-3519
(608) 267-2223 (fax)
*lazarms@doj.state.wi.us*

lazarms\baldus - redistricting\arrington\substitution.motion