UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

JAMES R. BAUMGART, ROGER M. BRESKE,
BRIAN T. BURKE, CHARLES J. CHVALA,
RUSSELL S. DECKER, JON ERPENBACH,
GARY R. GEORGE, RICHARD GROBSCHMIDT,
DAVE HANSEN, ROBERT JAUCH, MARK MEYER,
RODNEY MOEN, GWENDOLYNNE S. MOORE,
KIMBERLY PLACHE, FRED A. RISSER, JUDY ROBSON,
KEVIN W. SHIBILSKI, ROBERT D. WIRCH,
SPENCER BLACK, JAMES E. KREUSER,
GREGORY B. HUBER, each individually
and as members of the Wisconsin State Senate,

     Intervenor-Plaintiffs,

 v.                   Case No. 01-C-0121

JERALYN WENDELBERGER, chairperson
of the Wisconsin Elections Board,
and each of its members in his or her official capacity,
JOHN P. SAVAGE, DAVID HALBROOKS,
R.J. JOHNSON, BRENDA LEWISON,
STEVEN V. PONTO, JOHN C. SCHOBER,
CHRISTINE WISEMAN and KEVIN J. KENNEDY,
its executive director,

     Defendants,
and

SCOTT R. JENSEN, in his capacity as the Speaker of the
Wisconsin Assembly, and MARY E. PANZER, in her
capacity as the Minority Leader of the Wisconsin Senate,

     Intervenor-Defendants.

---

JULY 27, 2011

Before EASTERBROOK, *Chief Circuit Judge*, CLEVERT, *Chief District Judge,* and STADTMUELLER, *District Judge*

# DECISION AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND MOTION FOR SUBSTITUTION

PER CURIAM. Judy Robson, one of the Intervenor-Plaintiffs has filed a motion (Docket # 453) pursuant to Fed. R. Civ. P. 60(b)(5) and (6) seeking relief from an earlier order and judgment entered by this court more than nine years ago. The underlying order, issued on May 30, 2002, (Docket # 444) declared the Wisconsin law outlining the state's legislative districts to be unconstitutional and reorganized Wisconsin's assembly and senate districts. The plaintiff's motion argues that the recent 2010 census has resulted in malapportionment of Wisconsin's legislative districts. Putting to the side the issue of whether the plaintiff's motion has any substantive validity, relief under Fed. R. Civ. P. 60(b) is an "extraordinary remedy available only in exceptional circumstances." *Smith v. Widman Trucking & Excavating*, 627 F.2d 792, 796 (7th Cir. 1980). The occurrence of a constitutionally mandated, decennial event is hardly a "special circumstance" warranting reopening the court's earlier judgment. An opposite ruling would only serve to eviscerate the principle of the need for finality with regard to judgments of this, or any court. *Spika v. Lombard*, 763 F.2d 282 (7th Cir. 1985).

        Accordingly,

        IT IS ORDERED that the plaintiff's motion for relief from judgment, filed pursuant to Fed. R. Civ. P. 60(b)(5) and (6) be and the same is herewith DENIED.